IN THE UNITED STTES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DAVID PINELLO
326 W. Shore Road
Alburg, VT 05440

       Plaintiff,    Civil Action No.: 08 CV 01031

-against-         **ANSWER**

ANDREAS STIHL AG & CO. KG
Badstrasse 115
71336 Waiblingen
Neustadt
Germany

  and

STIHL, INC.
536 Viking Drive
Virginia Beach, VA 23452

       Defendants.

---

  Defendant, STIHL INCORPORATED s/h/a STIHL, INC. (hereinafter referred to as "defendant," or "Stihl Incorporated"), by and through its attorneys, Goldberg Segalla LLP, as and for its Answer to plaintiff's Complaint, alleges as follows:

**ANSWERS TO PARTIES**

  1. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint, and therefore denies them.

  2. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint, and therefore denies them.

  3. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint, and therefore denies them.

4. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 4 of the Complaint, and therefore denies them.

5. Defendant denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 5 of the Complaint, and therefore denies them.

6. Defendant admits that Andreas Stihl AG & Co. KG is a German company located at Badstrasse 115, 71336 Waiblingen, Germany. Defendant denies the remaining allegations in paragraph 6 of the Complaint.

7 Defendant admits the allegations in paragraph 7 of the Complaint.

8. Paragraph 8 contains no allegations that require a response. To the extent a response is required, Stihl Incorporated denies the allegations in paragraph 8.

9. Defendant denies the allegations in paragraph 9 of the Complaint.

10. Defendant denies the allegations in paragraph 10 of the Complaint.

11. Defendant denies the allegations in paragraph 11 of the Complaint.

12. Defendant denies the allegations in paragraph 12 of the Complaint.

## ANSWERS TO JURISDICTION AND VENUE

13. Defendant admits that plaintiff purports to bring an action against citizens of different states and foreign nations, and that the amount in controversy exceeds $75,000.00. The remaining allegations of paragraph 13 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, defendant denies them.

14. Defendant denies knowledge or information sufficient to form a belief as to the location of the sale and distribution of the subject TS 400, and therefore denies them. Defendant denies that the "Stihl defendants" regularly and continuously engage and engaged in conduct within the state of New York. The remaining allegations of paragraph 14 state legal conclusions

to which no response is required. To the extent a response is required, defendant denies those allegations.

15. Defendant denies knowledge or information sufficient to form a belief as to the location of the sale and distribution of the subject TS 400, and therefore denies them. Defendant denies that the "Stihl defendants" regularly and continuously engage and engaged in conduct within the Southern District of New York. The remaining allegations of paragraph 15 state legal conclusions to which no response is required. To the extent a response is required, defendant denies those allegations. Defendant specifically denies that venue is proper in the Southern District of New York.

### ANSWERS TO GENERAL ALLEGATIONS

16. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint, and therefore denies them.

17. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint, and therefore denies them.

18. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph18 of the Complaint, and therefore denies them. Defendant specifically denies that it designs or manufactures Stihl TS 400 cutting-off machines.

19. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint, and therefore denies them.

20. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint, and therefore denies them.

21. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint, and therefore denies them. Defendant specifically denies that plaintiff is entitled to damages or any other relief.

22. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint, and therefore denies them. Defendant specifically denies that plaintiff is entitled to damages or any other relief.

23. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint, and therefore denies them. Defendant specifically denies that plaintiff is entitled to damages or any other relief.

24. Defendant denies the allegations in paragraph 24 of the Complaint.

25. Paragraph 25 of the Complaint contains no allegations that require a response. To the extent that a response is required, defendant denies them.

## ANSWERING COUNT I

26. In answer to the paragraph designated as "26" of the Complaint, defendant repeats, reiterates and realleges each of the responses set forth in paragraphs "1" through "25" of this Answer with the same force and effect as if they were set forth fully and at length herein.

27. Defendant denies the allegations in paragraph 27 of the Complaint.

28. Defendant denies the allegations in paragraph 28 of the Complaint.

29. Defendant denies the allegations in paragraph 29 of the Complaint.

30. Defendant denies the allegations in paragraph 30 of the Complaint.

31. Defendant denies the allegations in paragraph 31 of the Complaint.

32. Defendant denies the allegations in paragraph 32 of the Complaint.

33. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint, and therefore denies them.

34. Defendant denies the allegations in paragraph 34, including subparts a through e, of the Complaint.

35. Defendant denies the allegations in paragraph 35 of the Complaint. Defendant specifically denies that plaintiff is entitled to damages or any other relief.

In response to the unnumbered WHEREFORE clause following Paragraph 35 of the Complaint, defendant denies that plaintiff is entitled to damages or any other relief.

## ANSWERING COUNT II

36. In answer to the paragraph designated as "36" of the Complaint, defendant repeats, reiterates and realleges each of the responses set forth in paragraphs "1" through "35" of this Answer with the same force and effect as if they were set forth fully and at length herein.

37. Defendant denies the allegations of paragraph 37 of the Complaint.

38. Defendant denies the allegations in paragraph 38 of the Complaint.

39. Defendant denies the allegations in paragraph 39, including subparts a through d, of the Complaint.

40. Defendant denies the allegations in paragraph 40 of the Complaint.

41. Defendant denies the allegations in paragraph 41, including subparts a through d, of the Complaint.

42. Defendant denies the allegations in paragraph 42 of the Complaint.

43. Defendant denies the allegations in paragraph 43 including subparts a and b of the Complaint.

44. Defendant denies the allegations in paragraph 44 of the Complaint.

45. Defendant denies the allegations in paragraph 45 of the Complaint.

46. Defendant denies the allegations in paragraph 46 of the Complaint.

47. Defendant denies the allegations in paragraph 47 of the Complaint.

In response to the unnumbered WHEREFORE clause following Paragraph 47 of the Complaint, Stihl Incorporated denies that plaintiff is entitled to damages or any other relief.

## ANSWERING COUNT III

48. In answer to the paragraph designated as "48" of the Complaint, defendant repeats, reiterates and realleges each of the responses set forth in paragraphs "1" through "47" of this Answer with the same force and effect as if they were set forth fully and at length herein.

49. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint, and therefore denies them. Defendant specifically denies for itself that it designed or manufactured cutting-off machines.

50. Defendant denies the allegations in paragraph 50 of the Complaint.

51. Defendant denies the allegations in paragraph 51 of the Complaint.

52. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint, and therefore denies them.

53. Defendant denies the allegations in paragraph 53 of the Complaint.

54. Defendant denies the allegations in paragraph 54 of the Complaint.

In response to the unnumbered WHEREFORE clause following Paragraph 54 of the Complaint, defendant denies that plaintiff is entitled to damages or any other relief.

## FIRST AFFIRMATIVE DEFENSE

The damages allegedly sustained by plaintiff were caused or contributed to by plaintiff's own negligence or culpable conduct, and this answering defendant is, therefore, not liable to

plaintiff or, alternatively, this answering defendant's liability to plaintiff is partial only and should be reduced in accordance with applicable law.

### SECOND AFFIRMATIVE DEFENSE

The damages allegedly sustained by plaintiff were caused by the direct and proximate negligence or intentional conduct of other parties, their agents or employees, or by others unknown at this time over whom this answering defendant had no control at any time relevant hereto, and this answering defendant is, therefore, not liable to plaintiff or, alternatively, in the event this answering defendant is found liable to plaintiff, which liability is expressly denied, this answering defendant will be entitled to indemnification, contribution or apportionment of liability pursuant to applicable law.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's damages were caused and brought about by an intervening and superseding cause and were not caused by this answering defendant or by a person or entity for whom this answering defendant is responsible.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of his alleged injuries and damages, and on that account this answering defendant is not liable to plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

Upon information and belief, all or part of the cost of the plaintiff's medical care, loss of earnings or other economic loss may have been paid, replaced or indemnified in whole or in part from collateral sources, or with reasonable certainty will be replaced or indemnified in the future from such collateral sources, and to that extent this answering defendant requests that in the

event the plaintiff recovers any judgment herein, such judgment shall be reduced by the amount recovered in whole or in part from such collateral sources.

### SIXTH AFFIRMATIVE DEFENSE

This answering defendant's liability, if any, to plaintiff is limited under Article 16 of the Civil Practice Law & Rules of the State of New York.

### SEVENTH AFFIRMATIVE DEFENSE

If a product placed into the stream of commerce by this answering defendant is involved in the subject occurrence, the product was substantially misused, abused, modified and/or altered subsequent to its placement into the stream of commerce by this answering defendant, and such misuse, abuse, modification and/or alteration proximately caused plaintiff's alleged injuries and damages.

### EIGHTH AFFIRMATIVE DEFENSE

If a product placed into the stream of commerce by this answering defendant was involved in the alleged accident, and any express warranties were made with regard to the product, and/or if implied warranties are deemed to exist with respect to the product, no notice of any alleged breach of this warranty was provided to this answering defendant.

### NINTH AFFIRMATIVE DEFENSE

Upon information and belief, in the event there was/were a breach/breaches of warranty/warranties, plaintiff did not rely upon same.

### TENTH AFFIRMATIVE DEFENSE

The plaintiff failed to take reasonable measures to mitigate the damages allegedly suffered as set forth in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

Venue is improper in the Southern District of New York.

WHEREFORE, this answering defendant, STIHL INCORPORATED s/h/a STIHL, INC., demands that the Complaint be dismissed as to it together with the costs, attorneys fees and disbursements of the within action, and such other, further or different relief which the Court may deem just and proper under the circumstances.

Dated:  Syracuse, New York
        April 11, 2008

        GOLDBERG SEGALLA, LLP

        */s/ Lisa M. Robinson*

        Lisa M. Robinson
        Bar No.: LMR2782
        Attorneys for Defendant
          STIHL INCORPORATED s/h/a
          STIHL, INC.
        5789 Widewaters Parkway
        Syracuse, New York 13214
        Telephone: (315) 413-5400
        Email: lrobinson@goldbergsegalla.com

To:  Patrick Timony, Esq.
     NELSON LEVINE de LUCA & HORST
     Attorneys for Plaintiff
     518 Township Line Road
     Suite 300
     Blue Bell, PA 19422
     Telephone: (215) 358-5100

15042.