IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**DAVID PINELLO**

                                Plaintiff,        Civil Action No.: 08 CV 01031(PKL)

-vs-

**ANDREAS STIHL AG & CO. KG and
STIHL, INC.**

                                Defendants.

**MEMORANDUM OF LAW OF
DEFENDANT STIHL INCORPORATED,
TO TRANSFER VENUE TO THE
NORTHERN DISTRICT OF NEW YORK**

*Respectfully submitted,*

Lisa M. Robinson (LMR/2782)
GOLDBERG SEGALLA LLP
*Attorneys for Defendant Stihl
Incorporated*
5789 Widewaters Parkway
Syracuse, New York 13214
(315) 413-5400
lrobinson@goldbergsegalla.com

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................................... iii

PRELIMINARY STATEMENT ................................................................................................ 1

PROCEDURAL HISTORY......................................................................................................... 1

FACTUAL BACKGROUND...................................................................................................... 2

ARGUMENT............................................................................................................................... 3

      A.    Plaintiff Could Have Brought this Action in the Northern District
           of New York ........................................................................................................ 3

      B.    Transfer to the Northern District of New York Will Serve the
           Convenience of the Parties and Promote the Interests of Justice.......................... 5

      C.    The Parties Have Stipulated to Transfer Venue to the Northern District of
           New York............................................................................................................. 5

CONCLUSION............................................................................................................................ 6

# TABLE OF AUTHORITIES

## CASES

*Coker v. Bank of America,* 984 F.Supp. 757. 764 (S.D.N.Y. 1997) ...................................................3, 5

*Howard v. Four Seasons Hotels Ltd.*, 96 Civ. 4587, 1997 WL 107633
(S.D.N.Y. March 10, 1997)(attached hereto)...........................................................................3, 5

*Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 108 S. Ct. 2239 (1988)...........................................5

## STATUTES

28 U.S.C. §1404(a) ...........................................................................................................................3

28 U.S.C. §1404(b) ..................................................................................................................1, 3, 5

28 U.S.C. §1391.............................................................................................................................3-4

## PRELIMINARY STATEMENT

This memorandum of law is submitted in support of the motion of Defendant Stihl Incorporated, pursuant to 28 U.S.C. §1404(b), to transfer venue from the United States District Court for the Southern District of New York to the United States District Court for the Northern District of New York.

## PROCEDURAL HISTORY

Plaintiff commenced this action in the United States District Court for the Southern District of New York on or about January 31, 2008 with the filing of a Summons and Complaint. (A copy of the Summons and Complaint is attached as Exhibit A to Defendant Stihl Incorporated's motion). Defendant Stihl Incorporated is filing its Answer contemporaneously with its Motion to Transfer. (A copy of the Answer is attached as Exhibit B to Defendant Stihl Incorporated's motion).

Defendant Andreas Stihl AG & Co. KG is a German company. Upon information and belief, service of the Summons and Complaint on that Defendant has not yet been affected. Accordingly, Defendant Andreas Stihl AG & Co. KG has not yet appeared in this action.

## FACTUAL BACKGROUND

This action arises from injuries allegedly sustained by the Plaintiff, David Pinello, who alleges that he was operating a TS 400 cutting-off machine allegedly designed, manufactured, sold and distributed by the Defendants that he claims kicked back and contacted him in the face. Plaintiff alleges in his Complaint that the incident took place on December 2, 2004 while Plaintiff was working on a project in Peru, New York.

As alleged in the Complaint, at the time of the incident, Plaintiff was working during the course of his employment with Steven E. Fuller Excavating, Inc., (hereinafter "Fuller Excavating"), a company located at 8 Chesterfield Street, Keeseville, New York. (Plaintiff's Complaint, Exhibit A to Defendant Stihl Incorporated's motion, p. 1, paragraph 2). In addition, as alleged in the Complaint, at the time of the incident, Travelers Casualty and Surety Company of America (hereinafter "Travelers") provided Workers' Compensation insurance to Plaintiff's employer, Fuller Excavating. Travelers alleges that it has a statutory right to bring this action on behalf of the Plaintiff. (Paragraphs 3 and 4, Plaintiff's Complaint, Exhibit A to Defendant Stihl Incorporated's Motion).

As set forth in its Answer, Defendant Stihl Incorporated is a Delaware Corporation with its principal place of business in Virginia Beach, Virginia. In the Complaint, Plaintiff also alleges incorrectly that Defendant Andreas Stihl AG & Co. KG, is a worldwide corporation with its principal place of business in Neustadt, Germany. (Paragraphs 6 and 7, Plaintiff's Complaint, Exhibit A to Defendant Stihl Incorporated's Motion). Defendant Andreas Stihl AG & Co. KG is a Germany company, not a

corporation. (See Paragraphs 6 and 7 of Defendant Stihl Incorporated's Answer, Exhibit B to Defendant Stihl Incorporated's motion).

## ARGUMENT

### A. Plaintiff could have initially brought the action in the Northern District of New York

28 U.S.C. §1404(a) states, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. §1404 (b) states, in part, "Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district." Accordingly, the statutes provide that the district courts have discretion to transfer venue if the parties have stipulated to the transfer.

The decision to grant a transfer of venue "'lies within the sound discretion of the district court.'" *Coker v. Bank of America,* 984 F.Supp. 757. 764 (S.D.N.Y. 1997), *quoting, Howard v. Four Seasons Hotels Ltd.,* 96 Civ. 4587, 1997 WL 107633 at *1 (S.D.N.Y. March 10, 1997)(*citations omitted*)(see attached). However, the court must adhere to the limitations imposed by Section 1404(a). *Coker,* 984 F.Supp. at 764. Accordingly, "a 'court may transfer an action only if 1) the plaintiff could have brought the case initially in the proposed transferee forum; and 2) the transfer would promote the convenience of parties and witnesses and would be in the interests of justice." *Id., quoting, Howard,* 1997 WL 107633 at *1.

In actions based upon diversity of citizenship, 28 U.S.C. §1391(a) states that an action may "be brought" in:

3

> "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred… or (3) a judicial district in which the defendants are subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought."

28 U.S.C.A. §1391 (2007).

Plaintiff in his Complaint alleges that he is a resident of the State of Vermont. (Paragraph 1 of Plaintiff's Complaint, Exhibit A to Defendant's motion). As set forth in the Answer of Defendant Stihl Incorporated, Defendant Stihl Incorporated admits that it is a Delaware corporation with its principal place of business located in the State of Virginia, and Defendant Andreas Stihl AG & Co., KG is a Germany company. (Paragraphs 6 and 7, Exhibit B to Defendant Stihl Incorporated's motion). Accordingly, there is complete diversity of citizenship between the parties.

Plaintiff in his Complaint also alleges that the incident took place in Peru, New York. Peru, New York is located within the jurisdictional limits of the United States District Court of the Northern District of New York. Accordingly, a substantial part of the event that gave rise to this action took place within the judicial district of the United States District Court for the Northern District of New York. Since this action is founded on diversity of citizenship, and the incident took place within the jurisdictional limits of United States District Court of the Northern District of New York, the action clearly could have been brought in the United States District Court of the Northern District of New York under the applicable venue statute.

B.   **Transfer to the Northern District of New York Will Serve the Convenience of the Parties and Promote the Interests of Justice**

Courts must consider the convenience of non-party witnesses in deciding whether to transfer an action under 14 U.S.C. §1404. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S. Ct. 2239, 2243 (1988). "'The convenience of both party and non-party witnesses is probably considered the single most important fact in the analysis of whether a transfer should be granted.'" *Coker v. Bank of America*, 984 F.Supp. 757, 765 (S.D.N.Y. 1997), *quoting*, *Howard v. Four Seasons Hotels*, 1997 WL 107633 at *2, (*other citations omitted*).

The incident allegedly took place in Peru, New York, which is within the jurisdiction of the United States District Court for the Northern District of New York. In addition, upon information and belief, the overwhelming majority of the fact witnesses, emergency first responders, Plaintiff's employer and treating physicians reside in the Northern District of New York, around the location of the incident in Peru, New York. Documents concerning this action are also more likely to be located in the Northern District of New York, around the location of the incident in Peru.

C.   **The Parties Have Stipulated to Transfer Venue to the Northern District of New York**

28 U.S.C. §1404(b) provides that a district court has discretion to transfer venue upon stipulation of all parties. In this case, the parties to this action have stipulated to the transfer of this action from the United States District Court for the Southern District of New York to the United States District Court for the Northern District of New York. A copy of the Stipulation and Order to Transfer Venue to the Northern District of New York is attached as Exhibit C to Defendant Stihl Incorporated's motion.

## CONCLUSION

Based upon the foregoing, Defendant Stihl Incorporated respectfully requests that this Court grant its motion pursuant to 28 U.S.C. 1404(b) for an Order transferring this action to the United States District Court for the Northern District of New York for all future proceedings.

Dated: April 11, 2008
      Syracuse, New York

                        Respectfully submitted,

                        GOLDBERG SEGALLA LLP

By: _____
Lisa M. Robinson (LMR/2782)
*Attorneys for Defendant Stihl Incorporated*
5789 Widewaters Parkway
Syracuse, New York 13214
(315) 413-5400
lrobinson@goldbergsegalla.com

Not Reported in F.Supp., 1997 WL 107633 (S.D.N.Y.)

<u>Motions, Pleadings and Filings</u>

Only the Westlaw citation is currently available.
United States District Court,
S.D. New York.
Claudia S. HOWARD and Ted Howard, Plaintiffs,
v.
FOUR SEASONS HOTELS LIMITED, Defendant.
No. 96 Civ. 4587 (LAP).
March 10, 1997.

MEMORANDUM & ORDER

<u>PRESKA</u>, District Judge:

*1 This action arises out of Four Seasons Hotels Limited's ("Four Seasons") allegedly negligent preparation and handling of a salad served to plaintiff Claudia Howard while a guest at Four Seasons. Defendant moves pursuant to § 1404(a) to transfer this action from the Southern District of New York to the District of Massachusetts. For the reasons that follow, defendant's motion is granted.

BACKGROUND

On November 2, 1993, while a guest at the Four Seasons Hotel in Boston, Massachusetts, plaintiff Claudia Howard consumed a bug-infested salad. (Plaintiffs' Complaint ("Compl."), ¶¶ 22-26). Plaintiff Claudia Howard alleges that as a result of the negligent preparation and handling of the salad, she has suffered personal and emotional distress. (*Id.*). In addition to seeking damages for negligence, plaintiff Claudia Howard claims damages as a result of the breach of implied and express warranties of fitness that arose with the purchase of the salad. Plaintiff Ted Howard, Claudia Howard's husband, seeks damages for loss of consortium. (*Id.* ¶¶ 45-48).

DISCUSSION

I. Transfer of Venue

The decision to transfer an action "lies within the sound discretion of the district court." <u>Minnette v. Time Warner,</u> 997 F.2d 1023, 1026 (2d Cir.1993) (cited by <u>Friedman v. Revenue Management of New York,</u> 38 F.3d 668, 672 (2d Cir.1994)); accord <u>Stewart Org. Inc. v. Ricoh Corp.,</u> 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988); <u>In re Cuyahoga Equip. Corp.,</u> 980 F.2d 110, 117 (2d Cir.1992) (noting, in the context of Section 1404, that "motions for transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis"); <u>Lykes Bros. S.S. Co., Inc. v. Sugarman,</u> 272 F.2d 679, 680 (2d Cir.1959) (stating that this decision is "peculiarly one for the exercise of judgment by those in daily proximity to these delicate problems of trial litigation").

Notwithstanding this discretion, a district court must adhere to certain limitations. A court may transfer an action only if 1) the plaintiff could have brought the case initially in the proposed transferee forum; and 2) the transfer would promote the convenience of the parties and witnesses and would be in the interests of justice. <u>Baker v. Bennett,</u> 942 F.Supp. 171, 175-76 (S.D.N.Y.1996); see also <u>Joint Stock Society "Trade House of Descendants of Peter Smirnoff, official Purveyor to the Imperial Court" v. Heublein,</u> 936 F.Supp. 177, 185 (D.Del.1996) (citations omitted). As the United

States Supreme Court held, "the power of a District Court under § 1404(a) to transfer an action to another district is made to depend not upon the wish or waiver of the defendant but, rather, upon whether the transferee district was one in which the action 'might have been brought' by the plaintiff." Hoffman v. Blaski, 363 U.S. 335, 343-44, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960).

Defendant resides in Massachusetts within the meaning of § 1391. Because the District Court for the District of Massachusetts has personal jurisdiction over defendant, this action could have originally been brought in this district. Thus, the first prerequisite is satisfied. Next, I must consider whether the transfer would promote the convenience of the parties and the witnesses.

*2 This second limitation on a court's discretion is governed by the statutory standard applicable to a motion to transfer. Section 1404(a) requires the moving party to satisfy a heavy burden. Factors Etc., Inc. v. Pro Arts, Inc., 579 F.2d 215, 218 (2d Cir.1978) (holding, in the context of Section 1404 (a), that "[t]here can be no doubt that the burden is on the defendant, when it is the moving party, to establish that there should be a change of forum"), cert. denied, 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979); Baker, 942 F.Supp. at 176 (stating that "burden is on the moving party to establish that there should be a change of venue"); Joint Stock Soc., 936 F.Supp. at 185 (same); Anglo America Insurance Group, P.L.C. v. Calfed Inc., 916 F.Supp. 1324, 1327 (S.D.N.Y.1996). The moving party may meet its burden by applying the following established factors to guide the court's discretion:

(1) the place where the operative facts occurred; (2) the convenience of the parties; (3) the convenience of the witnesses; (4) the relative ease of access of proof; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the plaintiff's choice of forum; (7) the forum's familiarity with the governing law; and (8) trial efficiency and the interests of justice.

Baker, 942 F.Supp. at 176 (citing Dahl v. HEM Pharmaceuticals Corp., 867 F.Supp. 194, 195 (S.D.N.Y.1994)); D'Anton, 937 F.Supp. at 323.

1. Location of the Operative Facts
The defendants have submitted affidavits indicating that the locus of the operative facts in this case is Boston, Massachusetts. The purchase, preparation, and handling of the aphid-infested salad all occurred in Massachusetts. Plaintiffs concede that the operative facts did occur in Massachusetts. (Simon Aff. ¶ 8).

2. Convenience of the Parties and Witnesses
Plaintiffs rely primarily on the convenience of both party and non-party witnesses to oppose defendant's motion to transfer. "[T]he convenience of both party and non-party witnesses is probably considered the single most important factor in the analysis of whether a transfer should be granted." Frasca v. Yaw, 787 F.Supp. 327, 331 (E.D.N.Y.1992) (citation omitted). According to plaintiffs' opposition papers, plaintiff Claudia Howard was expected to give birth in late January of 1997. (Simon Aff. ¶ 12 Plaintiffs' Memorandum of Law in Opposition to Defendant's Transfer Motion, p. 5). Although her doctors' admonitions against travelling during her pregnancy are presumably now moot, I also presume that she and/or Mr. Howard have the responsibility for caring for a newborn infant. Against this factor I must weigh the asserted inconvenience and alleged impossibility for Four Seasons to defend this action in the Southern District of New York.

Defendants do not argue that a trial in New York inconveniences it. Four Seasons is registered to do business in New York and has designated the principal location of its corporation as New York County. (Simon Aff., Ex. 2). Instead, defendant points to the residences of the witnesses it intends to call to argue inconvenience.

*3 "When a party seeks the transfer on account of the convenience of witnesses under § 1404(a), he must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover." Factors, 579 F.2d at 218. Defendant has submitted a list of witnesses it intends to call as well as a brief summary of the testimony it hopes to elicit from them. (Reply

Affirmation of James Woolsey, III, sworn to on September 27, 1996 ("Woolsey Aff."), ¶ 3). Defendant states it will call the following witnesses: (1) Kyle Lott, the assistant manager on duty on November 2, 1993; (2) Seth Andrews, also an assistant manger on duty on November 2; (3) Peter Mansback, an employee in defendant's food and beverage department at the time of the incident; and (4) Jamie Mamano, the Executive Chef at the time of the incident. ( *Id.*). The last known addresses for all four of these witnesses are in Massachusetts. ( *Id.*). I find the convenience to the plaintiffs, who presumably bear the responsibility of caring for a newborn, weighed against the inconvenience to these non-party witnesses does not militate in favor of a transfer but rather, at best, brings the balance of factors in equipoise. Thus, I look to additional factors to determine the asserted need for a transfer.

3. Availability of Process to Compel Attendance of Witnesses

More than the inconvenience to these witnesses, defendant emphasizes the impossibility of compelling attendance of these witnesses if the action continues in the Southern District of New York. Defendant no longer employs or exercises control over these witnesses. ( *Id.*). Therefore, defendant argues, if this action proceeds in the Southern District of New York, these witnesses would be beyond the subpoena power of this court, and defendant would be prejudiced by its inability to call these witnesses. ( *Id.* ¶ 4). See *Murray v. British Broadcasting Corp.,* 81 F.3d 287, 294-95 (2d Cir.1996) (in forum non conveniens analysis, inability of defendants to compel attendance of non-party witnesses favored dismissal); *Blanco v. Banco Industrial de Venezuela, S.A.,* 997 F.2d 974, 982-83 (2d Cir.1993).

Although "a plaintiff's choice of forum is generally given substantial weight," *D'Anton JOS, S.L. v. The Doll Factory, Inc.,* 937 F.Supp. 320, 323 (S.D.N.Y.1996); *Joint Stock Soc.,* 936 F.Supp. at 186 ("A plaintiff's choice of forum is a paramount consideration in any determination of a transfer request, and the court should not disturb the plaintiff's choice lightly."), weighing the inconvenience to plaintiffs against the prejudice to defendant arising from its inability to call these witnesses, I conclude that the convenience of the party and non-party witnesses favors a transfer to the District of Massachusetts.

4. The Forum's Familiarity with the Governing Law

"[A] federal court sitting in diversity applies the forum state's choice of law rules to decide which state's substantive law applies." *Id.* (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941)). New York choice of law rules require the application of Massachusetts law to plaintiffs' claims.[FN1] Even if this action were transferred, New York law would still govern which law should be applied to plaintiff's claims. *Weinstein v. Friedman,* 1996 WL 137313 at *1 ("if an action was transferred from a forum in which the action could have been maintained, then the transferee court must apply the choice of law rules of the transferor court") (citing *Van Dusen,* 376 U.S. at 638-39, 84 S.Ct. at 820-21). Because the District of Massachusetts is presumably more familiar with Massachusetts law than a court sitting in New York, this factor also weighs in favor of a transfer.

> FN1. Under New York's "interest analysis" approach, the law of the jurisdiction with the greatest interest in the outcome is applied. *Schultz v. Boy Scouts of America,* 65 N.Y.2d 189, 480 N.E.2d 679, 491 N.Y.S.2d 90 (1985). Because the negligent act occurred in Massachusetts and at least one of the parties resides in Massachusetts, New York choice of law rules would require the application of Massachusetts law. *Miller v. Bombardier, Inc.,* 872 F.Supp. 114 (S.D.N.Y.1995)

**\*4** After balancing the factors noted above, I find that the defendant has sustained its heavy burden of demonstrating that the transfer would promote the convenience of the parties and the witnesses and is in the interests of justice.

*CONCLUSION*

For the reasons set forth above, this action is transferred to the District of Massachusetts.

S.D.N.Y.,1997.
Howard v. Four Seasons Hotels Ltd.
Not Reported in F.Supp., 1997 WL 107633 (S.D.N.Y.)

Motions, Pleadings and Filings (Back to top)

- 1:96cv04587 (Docket) (Jun. 19, 1996)

END OF DOCUMENT

Adobe Reader is required to view PDF images.



(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.