IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID PINELLO

                                        Plaintiff,          Civil Action No.:  08 CV 01031(PKL)

-vs-                                                         **AFFIDAVIT IN SUPPORT OF**
                                                            **MOTION TO TRANSFER**
ANDREAS STIHL AG & CO. KG and                               **VENUE TO THE NORTHERN**
STIHL, INC.                                                 **DISTRICT OF NEW YORK**

                                        Defendants.

STATE OF NEW YORK      )
COUNTY OF ONONDAGA ) ss.:

    Lisa M. Robinson, being duly sworn deposes and states as follows:

    1.    I am an attorney duly licensed to practice in the United States District Court for the Southern District of New York (LMR/2782) and in the United States District Court for the Northern District of New York (513373) and am associated with the law firm of Goldberg Segalla LLP, attorneys for Defendant Stihl Incorporated in the above-captioned matter.  As such, I am fully familiar with the pleadings and proceedings heretofore had herein.

    2.    This affidavit is submitted in support of the motion of Defendant Stihl Incorporated, pursuant to 28 U.S.C. §1404(b) to transfer venue of this action from the United State District Court of the Southern District of New York to the United States District Court of the Northern District of New York.

**PROCEDURAL HISTORY**

    3.    Plaintiff commenced this action in the United States District Court for the Southern District of New York on or about January 31, 2008 with the filing of a Summons and Complaint.  A copy of the Summons and Complaint is attached hereto as Exhibit A.

4.      Defendant Stihl Incorporated is filing its Answer contemporaneously with this Motion to Transfer. A copy of the Answer is attached hereto as Exhibit B.

5.      Defendant Andreas Stihl AG & Co. KG is a German company. Upon information and belief, service of the Summons and Complaint on that Defendant has not yet been affected. Accordingly, Defendant Andreas Stihl AG & Co. KG has not yet appeared in this action.

## BACKGROUND

6.      This action arises from injuries allegedly sustained by the Plaintiff, David Pinello, who alleges that he was operating a TS 400 cutting-off machine allegedly designed, manufactured, sold and distributed by the Defendants that he claims kicked back and contacted him in the face.

7.      The incident allegedly took place on December 2, 2004 while Plaintiff was working on a project in Peru, New York.

8.      As alleged in the Complaint, at the time of the incident, Plaintiff was working during the course of his employment with Steven E. Fuller Excavating, Inc., (hereinafter "Fuller Excavating"), a company located at 8 Chesterfield Street, Keeseville, New York. (Plaintiff's Complaint, Exhibit A, p. 1, paragraph 2).

9.      In addition, as alleged in the Complaint, at the time of the incident, Travelers Casualty and Surety Company of America (hereinafter "Travelers") provided Workers' Compensation insurance to Plaintiff's employer, Fuller Excavating. Travelers alleges that it has a statutory right to bring this action on behalf of the Plaintiff. (Plaintiff's Complaint, Exhibit A, paragraphs 3 and 4).

10.     In the Complaint, Plaintiff also alleges incorrectly that Defendant Andreas Stihl AG & Co. KG, is a worldwide corporation with its principal place of business in Neustadt, Germany.

11.     As set forth in its Answer, Defendant Stihl Incorporated is a Delaware Corporation with its principal place of business in Virginia Beach, Virginia.  See Exhibit B.

## ARGUMENT

12.     To date, discovery has not yet commenced between the parties to this action.

13.     However, the incident allegedly took place in Peru, New York, which is within the jurisdiction of the United States District Court for the Northern District of New York.

14.     In addition, upon information and belief, the majority of the witnesses to the alleged incident, together with witnesses who will testify to the injuries allegedly sustained by Plaintiff, and documents concerning this action, will likely reside in or be located in or around the location of the incident, in Peru, New York.

15.     Moreover, the parties to this action have stipulated to the transfer of this action from the United States District Court for the Southern District of New York to the United States District Court for the Northern District of New York.  A copy of the Stipulation and Order to Transfer Venue to the Northern District of New York is attached hereto as Exhibit C.

16.     Based upon the foregoing, Defendant respectfully requests that this Court grant an Order transferring this action to the United States District Court for the Northern District of New York for all future proceedings.

WHEREFORE, it is respectfully requested that this Court grant an Order transferring this action to the district court for the Northern District of New York, together with such other and further relief as to the Court may seem just and proper.

Lisa M. Robinson (LMR/2782)

Sworn to before me this 11th
day of April 2008.

Notary Public, State of New York

AMY B. HIRSH
Notary Public, State of New York
Qualified in Onondaga County
No. 01HI6003191
Commission Expires Feb. 23, 2010

# Exhibit A

**ORIGINAL**

JUDGE LEISURE

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DAVID PINELLO
326 W. Shore Road
Alburg, VT 05440

            **Plaintiff**

    v.

ANDREAS STIHL AG & CO. KG
Badstrasse 115
71336 Waiblingen
Neustadt
Germany
        **and**
STIHL, INC.
536 Viking Drive
Virginia Beach, VA 23452

Civil Action No: __-cv-___

**08 CV 01031**

Electronically Filed

**JURY TRIAL DEMANDED**

---

## COMPLAINT

### JURY TRIAL DEMANDED

And now comes the plaintiff, David Pinello, by and through undersigned counsel, as and for his Complaint and hereby states as follows:

### PARTIES

1.    Plaintiff, David Pinello, is an individual residing at 326 W. Shore Road, Alburg, Vermont.

2.    At all times relevant hereto, David Pinello was employed by Steven E. Fuller Excavating, Inc., a company located at 8 Chesterfield Street, Keeseville, New York.

3.    Travelers Casualty and Surety Company of America (hereinafter "Travelers") is a business entity organized and existing under the laws of the State of Connecticut, with its headquarters located at One Tower Square, Hartford, CT, 06183 and is duly authorized to issue policies of insurance in the State of New York.

4.    At all times relevant hereto, Travelers provided workers' compensation insurance to Simon E. Fuller Excavating, Inc.

5.    Pursuant to the New York Workers' Compensation Statute, Travelers has a statutory right to bring this action on behalf of the above named plaintiff.

6.    Defendant Andreas Stihl AG & Co. KG, is a foreign corporation with its principal place of business located at Badstrasse 115, 71336 Waiblingen, Neustadt, Germany.

7.    Defendant Stihl, Inc. is a Delaware corporation with its registered address at c/o The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.  Stihl, Inc. maintains its principle place of business located at 536 Viking Drive, Virginia Beach, Virginia, 23452.

8.    Hereinafter, Andreas Stihl AG & Company KG and Stihl Inc. will be referred to collectively as "the Stihl defendants."

9.    At all times relevant hereto, the Stihl defendants conducted regular and continuous business with individuals and entities located in the State of New York.

10.    The Stihl defendants regularly and continuously engaged in the marketing and sale of products to businesses located in New York, directly and through its distributors.

11.    The Stihl defendants regularly and continuously sold products to individuals and entities that they knew, or should have known, were and are likely to resell the products to purchasers in New York.

12.    The Stihl defendants regularly and continuously manufactured and sold various products, including power tools, for use in the construction industry and other

industries with the knowledge and intention that such products would be used in the State of New York.

## JURISDICTION AND VENUE

13.     This Court has jurisdiction over the parties and the subject matter of this action pursuant to 28 U.S.C. § 1332 in that the action is between citizens of different states and foreign nations and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

14.     This Court has personal jurisdiction over the Stihl defendants because this action arises from the sale and distribution of a Stihl Model TS400 hand held cut off machine to entities located in the state of New York, and because, as set forth more fully above, the Stihl defendants regularly and continuously engage and engaged in conduct within the state of New York.

15.     Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.D.C. § 1391 (a) because the Stihl defendants regularly and continuously engage and engaged in conduct within the Southern District of New York and the events and acts and omissions giving rise to this claim occurred in the state of New York.

## GENERAL ALLEGATIONS

16.     At all times relevant hereto, David Pinello was working within the course and scope of his employment at a construction project located in Peru, New York.

17.     On December 2, 2004, David Pinello was operating a Stihl Model TS400 hand held cut off machine with a diamond wheel blade, when suddenly, and without

warning, the machine kicked back and struck him in the face, causing serious and permanent injuries to his face, nose, mouth and chin.

18.    The machine was designed, manufactured, sold and distributed by the Stihl defendants.

19.    As a result of the injuries sustained by David Pinello, Travelers was required to provide workers' compensation benefits including payments of medical bills and lost wage compensation.    To date, Travelers has paid medical bills in excess of $44,000 and lost wage compensation in excess of $5,000.

20.    It is believed that Travelers will continue to pay statutory workers' compensation benefits for a significant time period pursuant to the New York Workers' Compensation Statute.

21.    In addition to the workers' compensation benefits paid, David Pinello has sustained significant pain, suffering, humiliation, and a loss of life's pleasures, and will continue to suffer, pain, suffering, humiliation and a loss of life's pleasures in the future.

22.    As a result of the foregoing accident, David Pinello has significant and permanent scars across his face.

23.    As a result of the foregoing incident, David Pinello has sustained lost wages and will continue to sustain lost wages for a significant time into the future.

24.    The aforementioned damages sustained by the plaintiff are the direct and proximate result of negligence, breach of warranty and other liability placing conduct of defendants, acting jointly or severely, as more fully set forth below.

25.    The plaintiff hereby demands a trial by jury on all counts herein.

**COUNT I**
**DAVID PINELLO v. ANDREAS STIHL AG & CO. KG and STIHL, INC.**
**NEGLIGENCE**

26.     Plaintiff incorporates herein by reference the allegations set forth in the preceding paragraphs 1 through 25 above as though more fully set forth at length herein.

27.     At all times relevant hereto, the machine was used in a reasonably foreseeable manner and for the purpose for which it was intended to be used at the time it was manufactured and sold by the Stihl defendants.

28.     At all times relevant hereto, the machine was being used in accordance with the instructions provided.

29.     The machine was designed, manufactured and sold by the Stihl defendants in an unreasonably dangerous and defective condition such that it would be virtually impossible for the machine operator to react and/or to avoid sustaining serious physical harm in the event of a kickback occurring during the normal use of the machine.

30.     The machine was designed, manufactured and sold in an unreasonably dangerous and defective condition in that the speed and force of the blade rotation was unreasonably dangerous and likely to cause injury to anyone who operated the machine.

31.     The machine was designed, manufactured and sold in an unreasonably dangerous and defective condition in that it was likely to strike the operator in the face and was likely to cause serious and permanent injuries.

32.     The machine was designed, manufactured and sold in an unreasonably dangerous and defective condition in that it did not include warnings that the machine

could not be safely used to cut concrete and other similar materials and that, in the event of a kickback, the operator would be unable to protect himself from sustaining immediate serious injuries.

33.    David Pinello relied upon defendants to manufacture and sell the machine in a condition that was not defective and unreasonably dangerous for its intended use.

34.    The aforesaid accident and damages sustained by David Pinello were the direct and proximate result of the negligence, carelessness and/or liability producing conduct of the Stihl defendants, individually, jointly and severely, including negligent acts and/or omissions of such defendants as performed by and through their agents, employees and/or servants, more specifically described as follows:

a.    Failing to exercise reasonable care in the performance of their duties in the design, manufacture, sale and/or distribution of the cut off machine;

b.    Failing to perform proper and adequate testing of the product to insure that it could be operated safely before selling and distributing the product for use;

c.    Failing to provide a proper, complete and adequate warning concerning the safe use of the product and the catastrophic injuries likely to occur in the event of a kickback;

d.    Designing, manufacturing and selling a cut off machine that was defective such that the blade rotated with such speed and force that an operator would be unable to react and avoid being struck by the machine in the event of a kickback; and

e.    Designing, manufacturing and selling a cut off machine which was defective in that there was nothing to prevent an operator from being struck by the machine in the event that a reasonably foreseeable kickback occurred.

35.    As a result of the negligence of the defendant, David Pinello sustained the injuries and damages described more fully above.

**WHEREFORE**, Plaintiff David Pinello demands judgment against the Stihl defendants individually and/or jointly and severely for compensatory damages, plus pre-judgment and post-judgment interest, costs of suit, attorney's fees, and such other relief as this Court deems appropriate under the circumstances.

**COUNT II**
**DAVID PINELLO v. ANDREAS STIHL AG & CO. KG & STIHL, INC.**
**BREACH OF WARRANTY**

36.    Plaintiff incorporates herein by reference the allegations set forth in the preceding paragraphs 1 through 35 as though more fully set forth at length herein.

37.    At the time of the contract for sale and/or distribution of the aforementioned machine, the Stihl defendants had reason to know the particular purpose for which the aforementioned machine would be used or would foreseeably be used and knew that their skill and judgment were being relied upon to furnish a safe and suitable product.

38.    The Stihl defendants breached the implied warranty of fitness for particular purpose as set forth in the New York Uniform Commercial Code (hereinafter "NYUCC"), Section 2-315, in that the aforementioned machine was not fit for the particular purpose for which it was acquired and intended to be used.

39.    Defendants breached the implied warranty of fitness for a particular purpose under NYUCC Section 2-315 as follows:

a.    Failing to properly perform, record, publish, review and/or act upon testing concerning the forces involved in the event of a kickback while using the machine;

b.    Failing to exercise reasonable care in the performance of their duties in the design, manufacture, sale and/or distribution of the machine;

c.    Failing to provide adequate, reasonable and necessary warnings and instructions of the inherent dangers of the machine as described more fully above; and

d.    Designing, manufacturing and selling a machine that was unreasonably dangerous and defective such that it was likely to strike the operator in the face without warning.

40.    In addition, the Stihl defendants, and each of them, breached the implied warranty of merchantability as set forth in NYUCC, Section 2-314(2) in that the aforementioned machine was not fit for the ordinary use for which it had been purchased and used.

41.    The defendants breached the implied warranty of merchantability under NYUCC Section 2-314(2) as follows:

a.    Failing to properly perform, record, publish, review and/or act upon testing concerning the forces involved in the event of a kickback while using the machine;

b.    Failing to exercise reasonable care in the performance of their duties in design, manufacture, sale and/or distribution of the machine;

    c.      Failing to provide adequate, reasonable and necessary warnings and instructions of the inherent dangers of the machine as described more fully above;

    d.      Designing, manufacturing and selling a machine that was unreasonably dangerous and defective such that it was likely to strike the operator in the face without warning.

42.      The Stihl defendants breached any and all express warranties made or relating to the machine that became part of the basis of the bargain for sale and purchased the item in derogation of NYUCC, Section 2-313.

43.      Defendants breached the expressed warranties under NYUCC Section 2-313 as follows:

    a.      Providing warnings and instructions that misled the operator into believing that he or she would have time to react to avoid being struck in the event of a kickback of the machine;

    b.      Indicating through warnings and instructions that the machine could be used safely for its intended purpose, even in the event of a kickback during the ordinary use of the machine.

44.      Plaintiff's damages, as set forth above, occurred as a direct and proximate result of the defendant's breach of their implied warranty of fitness for a particular purpose under NYUCC Section 2-315, implied warranty of merchantability under NYUCC Section 2-314(c) and/or as a result of defendant's breaches of their express warranties of NYUCC Section 2-313.

45.    The machine that was designed, manufactured and sold by the Stihl defendants was not of merchantable quality, and was unfit, unsafe and unusable for the ordinary and foreseeable purposes for which it was intended to be used for the reasons set forth more fully above.

46.    Plaintiff has not breached any of his obligations to defendant and has met all conditions precedent for recovery herein.

47.    As a result of such breaches on the part of the Stihl defendants, Plaintiff David Pinello sustained the injuries and damages described more fully above.

**WHEREFORE**, Plaintiff David Pinello demands judgment against the Stihl defendants individually and/or jointly and severely for compensatory damages, plus pre-judgment and post-judgment interest, costs of suit, attorney's fees, and such other relief as this Court deems appropriate under the circumstances.

<u>**COUNT III – STRICT LIABILITY**</u>
<u>**DAVID PINELLO v. STIHL AG & CO. KG AND STIHL, INC**</u>

48.    Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1 through 47 as though more fully set forth at length.

49.    The cut off machine was designed, manufactured, sold and distributed by the defendants.

50.    The machine was designed, manufactured, sold and distributed in an unreasonably dangerous and defective condition in that through the regular and routine use of the operator of the saw could be exposed to a kickback and of such speed and force that the operator was certain to sustain serious bodily injury.

51.    The machine was designed, manufactured;, and sold in an unreasonably dangerous and defective condition in that it was not sold with adequate warnings and instructions concerning the damages associated with the normal operation of the saw and the likelihood of a kick-back occurring.

52.    David Pinello relied upon the defendants to design, manufacture, distribute and sell the machine in a condition that was not defective and unreasonably dangerous and to provide instructions and warnings concerning the operation of the saw and the likelihood that an operator could be injured during regular use.

53.    Due to its defective and unreasonably dangerous condition, the saw was an immediate hazard to operators, including David Pinello.

54.    As a direct and proximate result of the defective and dangerous condition of the defendants' product, David Pinello sustained injuries and damages as set forth more fully above.

**WHEREFORE**, Plaintiff David Pinello demands judgment against the Stihl defendants individually and/or jointly and severely for compensatory damages, plus pre-judgment and post-judgment interest, costs of suit, attorney's fees, and such other relief as this Court deems appropriate under the circumstances.

**NELSON LEVINE de LUCA & HORST**

By: _____

Michael J. Frimet, Esq.  (MJF/2051)
Attorneys for Plaintiff
120 Broadway, Suite 955
New York, New York
(212) 233-0130

DATE:  New York, New York
           January 31, 2008

# Exhibit B

## IN THE UNITED STTES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

DAVID PINELLO
326 W. Shore Road
Alburg, VT 05440

                       Plaintiff,          Civil Action No.:  08 CV 01031

      -against-                      **ANSWER**

ANDREAS STIHL AG & CO. KG
Badstrasse 115
71336 Waiblingen
Neustadt
Germany

        and

STIHL, INC.
536 Viking Drive
Virginia Beach, VA 23452

                  Defendants.

Defendant, STIHL INCORPORATED s/h/a STIHL, INC. (hereinafter referred to as "defendant," or "Stihl Incorporated"), by and through its attorneys, Goldberg Segalla LLP, as and for its Answer to plaintiff's Complaint, alleges as follows:

### ANSWERS TO PARTIES

1.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint, and therefore denies them.

2.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint, and therefore denies them.

3.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint, and therefore denies them.

4.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 4 of the Complaint, and therefore denies them.

5.      Defendant denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 5 of the Complaint, and therefore denies them.

6.      Defendant admits that Andreas Stihl AG & Co. KG is a German company located at Badstrasse 115, 71336 Waiblingen, Germany.  Defendant denies the remaining allegations in paragraph 6 of the Complaint.

7       Defendant admits the allegations in paragraph 7 of the Complaint.

8.      Paragraph 8 contains no allegations that require a response.  To the extent a response is required, Stihl Incorporated denies the allegations in paragraph 8.

9.      Defendant denies the allegations in paragraph 9 of the Complaint.

10.     Defendant denies the allegations in paragraph 10 of the Complaint.

11.     Defendant denies the allegations in paragraph 11 of the Complaint.

12.     Defendant denies the allegations in paragraph 12 of the Complaint.

## ANSWERS TO JURISDICTION AND VENUE

13.     Defendant admits that plaintiff purports to bring an action against citizens of different states and foreign nations, and that the amount in controversy exceeds $75,000.00.  The remaining allegations of paragraph 13 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, defendant denies them.

14.     Defendant denies knowledge or information sufficient to form a belief as to the location of the sale and distribution of the subject TS 400, and therefore denies them.  Defendant denies that the "Stihl defendants" regularly and continuously engage and engaged in conduct within the state of New York.  The remaining allegations of paragraph 14 state legal conclusions

to which no response is required.  To the extent a response is required, defendant denies those allegations.

15.      Defendant denies knowledge or information sufficient to form a belief as to the location of the sale and distribution of the subject TS 400, and therefore denies them.  Defendant denies that the "Stihl defendants" regularly and continuously engage and engaged in conduct within the Southern District of New York.  The remaining allegations of paragraph 15 state legal conclusions to which no response is required.  To the extent a response is required, defendant denies those allegations.  Defendant specifically denies that venue is proper in the Southern District of New York.

## ANSWERS TO GENERAL ALLEGATIONS

16.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint, and therefore denies them.

17.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint, and therefore denies them.

18.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph18 of the Complaint, and therefore denies them.  Defendant specifically denies that it designs or manufactures Stihl TS 400 cutting-off machines.

19.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint, and therefore denies them.

20.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint, and therefore denies them.

21.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint, and therefore denies them.  Defendant specifically denies that plaintiff is entitled to damages or any other relief.

22.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint, and therefore denies them.  Defendant specifically denies that plaintiff is entitled to damages or any other relief.

23.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint, and therefore denies them.  Defendant specifically denies that plaintiff is entitled to damages or any other relief.

24.    Defendant denies the allegations in paragraph 24 of the Complaint.

25.    Paragraph 25 of the Complaint contains no allegations that require a response.  To the extent that a response is required, defendant denies them.

### ANSWERING COUNT I

26.    In answer to the paragraph designated as "26" of the Complaint, defendant repeats, reiterates and realleges each of the responses set forth in paragraphs "1" through "25" of this Answer with the same force and effect as if they were set forth fully and at length herein.

27.    Defendant denies the allegations in paragraph 27 of the Complaint.

28.    Defendant denies the allegations in paragraph 28 of the Complaint.

29.    Defendant denies the allegations in paragraph 29 of the Complaint.

30.    Defendant denies the allegations in paragraph 30 of the Complaint.

31.    Defendant denies the allegations in paragraph 31 of the Complaint.

32.    Defendant denies the allegations in paragraph 32 of the Complaint.

33.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint, and therefore denies them.

34.    Defendant denies the allegations in paragraph 34, including subparts a through e, of the Complaint.

35.    Defendant denies the allegations in paragraph 35 of the Complaint.  Defendant specifically denies that plaintiff is entitled to damages or any other relief.

In response to the unnumbered WHEREFORE clause following Paragraph 35 of the Complaint, defendant denies that plaintiff is entitled to damages or any other relief.

## ANSWERING COUNT II

36.    In answer to the paragraph designated as "36" of the Complaint, defendant repeats, reiterates and realleges each of the responses set forth in paragraphs "1" through "35" of this Answer with the same force and effect as if they were set forth fully and at length herein.

37.    Defendant denies the allegations of paragraph 37 of the Complaint.

38.    Defendant denies the allegations in paragraph 38 of the Complaint.

39.    Defendant denies the allegations in paragraph 39, including subparts a through d, of the Complaint.

40.    Defendant denies the allegations in paragraph 40 of the Complaint.

41.    Defendant denies the allegations in paragraph 41, including subparts a through d, of the Complaint.

42.    Defendant denies the allegations in paragraph 42 of the Complaint.

43.    Defendant denies the allegations in paragraph 43 including subparts a and b of the Complaint.

44.    Defendant denies the allegations in paragraph 44 of the Complaint.

45.    Defendant denies the allegations in paragraph 45 of the Complaint.

46.    Defendant denies the allegations in paragraph 46 of the Complaint.

47.    Defendant denies the allegations in paragraph 47 of the Complaint.

In response to the unnumbered WHEREFORE clause following Paragraph 47 of the Complaint, Stihl Incorporated denies that plaintiff is entitled to damages or any other relief.

## ANSWERING COUNT III

48.    In answer to the paragraph designated as "48" of the Complaint, defendant repeats, reiterates and realleges each of the responses set forth in paragraphs "1" through "47" of this Answer with the same force and effect as if they were set forth fully and at length herein.

49.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint, and therefore denies them.  Defendant specifically denies for itself that it designed or manufactured cutting-off machines.

50.    Defendant denies the allegations in paragraph 50 of the Complaint.

51.    Defendant denies the allegations in paragraph 51 of the Complaint.

52.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint, and therefore denies them.

53     Defendant denies the allegations in paragraph 53 of the Complaint.

54.    Defendant denies the allegations in paragraph 54 of the Complaint.

In response to the unnumbered WHEREFORE clause following Paragraph 54 of the Complaint, defendant denies that plaintiff is entitled to damages or any other relief.

## FIRST AFFIRMATIVE DEFENSE

The damages allegedly sustained by plaintiff were caused or contributed to by plaintiff's own negligence or culpable conduct, and this answering defendant is, therefore, not liable to

plaintiff or, alternatively, this answering defendant's liability to plaintiff is partial only and should be reduced in accordance with applicable law.

### SECOND AFFIRMATIVE DEFENSE

The damages allegedly sustained by plaintiff were caused by the direct and proximate negligence or intentional conduct of other parties, their agents or employees, or by others unknown at this time over whom this answering defendant had no control at any time relevant hereto, and this answering defendant is, therefore, not liable to plaintiff or, alternatively, in the event this answering defendant is found liable to plaintiff, which liability is expressly denied, this answering defendant will be entitled to indemnification, contribution or apportionment of liability pursuant to applicable law.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's damages were caused and brought about by an intervening and superseding cause and were not caused by this answering defendant or by a person or entity for whom this answering defendant is responsible.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of his alleged injuries and damages, and on that account this answering defendant is not liable to plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

Upon information and belief, all or part of the cost of the plaintiff's medical care, loss of earnings or other economic loss may have been paid, replaced or indemnified in whole or in part from collateral sources, or with reasonable certainty will be replaced or indemnified in the future from such collateral sources, and to that extent this answering defendant requests that in the

event the plaintiff recovers any judgment herein, such judgment shall be reduced by the amount recovered in whole or in part from such collateral sources.

## SIXTH AFFIRMATIVE DEFENSE

This answering defendant's liability, if any, to plaintiff is limited under Article 16 of the Civil Practice Law & Rules of the State of New York.

## SEVENTH AFFIRMATIVE DEFENSE

If a product placed into the stream of commerce by this answering defendant is involved in the subject occurrence, the product was substantially misused, abused, modified and/or altered subsequent to its placement into the stream of commerce by this answering defendant, and such misuse, abuse, modification and/or alteration proximately caused plaintiff's alleged injuries and damages.

## EIGHTH AFFIRMATIVE DEFENSE

If a product placed into the stream of commerce by this answering defendant was involved in the alleged accident, and any express warranties were made with regard to the product, and/or if implied warranties are deemed to exist with respect to the product, no notice of any alleged breach of this warranty was provided to this answering defendant.

## NINTH AFFIRMATIVE DEFENSE

Upon information and belief, in the event there was/were a breach/breaches of warranty/warranties, plaintiff did not rely upon same.

## TENTH AFFIRMATIVE DEFENSE

The plaintiff failed to take reasonable measures to mitigate the damages allegedly suffered as set forth in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

Venue is improper in the Southern District of New York.

WHEREFORE, this answering defendant, STIHL INCORPORATED s/h/a STIHL, INC., demands that the Complaint be dismissed as to it together with the costs, attorneys fees and disbursements of the within action, and such other, further or different relief which the Court may deem just and proper under the circumstances.

Dated:     Syracuse, New York
           April 11, 2008

                              GOLDBERG SEGALLA, LLP

                              Lisa M. Robinson
                              Bar No.: LMR2782
                              **Attorneys for Defendant**
                                **STIHL INCORPORATED s/h/a**
                                **STIHL, INC.**
                              **5789 Widewaters Parkway**
                              **Syracuse, New York 13214**
                              **Telephone: (315) 413-5400**
                              **Email: lrobinson@goldbergsegalla.com**

To:    **Patrick Timony, Esq.**
       **NELSON LEVINE de LUCA & HORST**
       **Attorneys for Plaintiff**
       **518 Township Line Road**
       **Suite 300**
       **Blue Bell, PA 19422**
       **Telephone: (215) 358-5100**

15042.

# Exhibit C

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DAVID PINELLO

                              Plaintiff,              Civil Action No.:  08 CV 01031

-vs-                                                  **STIPULATION AND
                                                      ORDER TO TRANSFER
ANDREAS STIHL AG & CO. KG                             VENUE TO THE NORTHERN
and STIHL, INC.                                       DISTRICT OF NEW YORK**

                              Defendants.

---

    IT IS HEREBY STIPULATED between the undersigned, attorneys for all parties

who have appeared in this action, that the venue of this action be transferred to the United

States District Court for the Northern District of New York.

    Upon the filing of this Stipulation and Order with the Clerk of the United States

District Court for the Southern District of New York, the Clerk is directed to transfer all

papers on file in the within action bearing Civil Case No. 08-CV-01031 to the Clerk of

the United States District Court for the Northern District of New York.

All subsequent proceedings in the within action be had in the United States District Court for the Northern District of New York as if it had been designated originally as the venue of this action.

Dated: March _19_, 2008

_____
Michael J. Frimmet, Esq. (MJF/2051)
Nelson Levine de Luca & Horst
**Attorneys for Plaintiff**
120 Broadway, Suite 955
New York, New York 10270
(212) 233-0130

Dated: March _13_, 2008

_____
Lisa M. Robinson, Esq. (LMR/2782)
Goldberg Segalla LLP
**Attorneys for Defendants**
5789 Widewaters Parkway
Syracuse, New York 13214
(315) 413-5400
lrobinson@goldbergsegalla.com


So-Ordered


_____
United States District Judge
Southern District of New York


Dated: _____, New York
       _____, 2008