UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4 21 08
```

DAVID PINELLO,

      Plaintiff,

- against -

ANDREAS STIHL AG & CO. KG and
STIHL, INC.,

      Defendants.

**MEMORANDUM ORDER**

08 Civ. 1031(PKL)

**LEISURE, District Judge:**

Plaintiff David Pinello ("Pinello"), a Vermont
resident, brings this action against defendants for
injuries he sustained while operating a "Stihl Model TS400
hand held cut off machine," designed, manufactured, sold,
and distributed by the defendants. (Compl. ¶ 14.)
Pinello's complaint was filed on January 31, 2008 and
defendant Stihl, Inc., a Delaware corporation, answered on
April 11, 2008.  Andreas Stihl AG & Co. KG, which has not
yet appeared in this action, is a German company.  In his
complaint, Pinello alleges that his injury occurred while
working on a construction project in Peru, New York, which
is located within the Northern District of New York.
(Compl. ¶ 16.)

1

The parties have stipulated to transfer this action to the Northern District pursuant to 28 U.S.C. § 1404.[1] (Def.'s Memo. of Law Ex. C.)  Because venue in the Southern District of New York is improper,[2] the action is instead transferred, in the interest of justice, pursuant to 28 U.S.C. § 1406(a).  Courts generally consider the same factors when deciding whether to transfer pursuant to § 1404(a) or § 1406(a), see, e.g., Bank of Am., N.A. v. Hensley Props., LP, 495 F. Supp. 2d 435, 440 (S.D.N.Y. 2007), namely (1) the weight accorded a plaintiff's choice of forum; (2) the convenience of witnesses; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the convenience of the

---

[1] Though defendant Andreas Stihl AG & Co. KG has not yet appeared, the stipulation is executed by the law firm Goldberg Segalla LLP, who purport to be "Attorneys for Defendants."  The Court thus assumes that Andreas Stihl AG & Co. KG, ostensibly a related company to Stihl, Inc., consents to the transfer.

[2] Pinello contends that venue is proper here under 28 U.S.C. § 1391(a), (Compl. ¶ 15), which states that a diversity action may only be brought in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

With none of these conditions satisfied, venue in the Southern District of New York is improper.

2

parties; (5) the locus of the operative facts; (6) the availability of process to compel attendance of unwilling witnesses; (7) the relative means of the parties; (8) a forum's familiarity with the governing law; and (9) trial efficiency and the interest of justice based on the totality of the circumstances. See Posven, C.A. v. Liberty Mut. Ins. Co., 303 F. Supp. 2d 391, 404 (S.D.N.Y. 2004); Reliance Ins. Co. v. Six Star, Inc., 155 F. Supp. 2d 49, 56-57 (S.D.N.Y. 2001); Trehern v. OMI Corp., No. 98 Civ. 0242, 1999 U.S. Dist. LEXIS 919, at *5 (S.D.N.Y. Feb. 1, 1999). These factors, considered along with the parties' stipulation, weigh heavily in favor of transfer to the Northern District.

The Clerk of the Court is directed to transfer the file in this matter to the United States District Court for the Northern District of New York, to terminate all outstanding motions, and to close the file in this case.

SO ORDERED.
New York, New York

April **21**, 2008

_Peter K. Leisure_

U.S.D.J.